UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RITA HYNES ex rel. KEA M. DAVIS,    )
                                    )
              Plaintiff,            )
                                    )
      v.                            )    Civil Action No. 01-1231  (RBW)
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
              Defendant.            )
_____)

**MEMORANDUM OPINION**

Rita Hynes brought this civil lawsuit filed on behalf of her granddaughter Kea M. Davis (the "plaintiff"), seeking a judgment reversing the denial of her application for Supplemental Social Security Income Benefits.[1]  Currently before the court is the defendant's motion for judgment of affirmance  and the plaintiff's motion for judgment of reversal or a remand to the Social Security Administration, both of which were filed pursuant to 42 U.S.C. § 405(g) (2006). After carefully considering the plaintiff's complaint, the administrative record, the parties' motions, and all memoranda of law and exhibits related thereto,[2] the Court concludes that it must grant the defendant's motion for judgment of affirmance and deny the plaintiff's motion for reversal for the reasons that follow.

---

[1] The plaintiff's complaint names Jo Anne B. Barnhardt, the former Commissioner of Social Security, as the sole defendant in this case.  The Court has substituted the current Commissioner, Michael J. Astrue, as the defendant in place of former Commissioner Barnhardt pursuant to Federal Rule of Civil Procedure 25(d).

[2] In addition to the plaintiff's complaint and the parties' cross-motions for judgment, the Court considered the following documents in reaching its decision: (1) the Plaintiff's Memorandum in Support of Plaintiff's Motion for Judgment of Reversal (the "Pl.'s Mem.") and (2) the Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Judgment of Affirmance and In Opposition to Plaintiff's Motion for Judgment of Reversal (the "Def.'s Mem.").

### I.  Background

The following facts are part of the administrative record on review.  The plaintiff was born on July 18, 1990, and was diagnosed with hypoplastic left heart syndrome, a condition which required surgical repair.  Administrative Record (the "A.R.") at 49-50, 301.  In August of 1990, the plaintiff's mother applied for Supplemental Social Security Income Benefits on behalf of the plaintiff.  Id. at 49-61.  The request for benefits were granted in December of 1990.  Id. at 62.  The plaintiff was awarded and received supplemental benefits until August, 21, 1998, at which time they were terminated.  Id. at 65.  The regional commissioner who terminated the benefits noted that while Kea "was born with a heart defect that required surgery in the first year of her life, . . . her condition was successfully treated and [had] now stabilized."  Id. at 67.  Finding that Kea's "condition [did] not cause marked or severe functional limitations," the commissioner "decided that [Kea's] condition [was] not disabling under [the Social Security Administration's] rules."  Id.

In response to the cessation of benefits, the plaintiff, through her grandmother, filed a request for reconsideration, which the agency denied.  Id. at 71.  The plaintiff appealed, and in July of 1999 attended a hearing to determine her continued eligibility for benefits.  Id. at 75-87.  During that hearing, the plaintiff's grandmother testified about her granddaughter's behavioral and cognitive problems, stating that she had "problems following instructions" and was "easily distracted from completing a task," which "could be" due to "a problem with [her] comprehension."  Id. at 89.

Despite this testimony, the hearing officer affirmed the cessation of the supplemental benefits.  Id. at 94.  He "concluded that the claimant ha[d] less than marked limitation in the areas of cognitive/communicative development[] and motor function."  Id. at 93.  He further

2

noted that, "[all] other areas of childhood development and function were considered age-appropriate and without any degree of restriction." Id.

Following the hearing on the plaintiff's motion for reconsideration, the plaintiff requested a hearing by an Administrative Law Judge ("ALJ") to review the cessation determination. Id. at 99. In preparation for the hearing, the plaintiff submitted to physical and aptitude exams. Id. at 132, 134. On August 31, 2000, the ALJ ruled against the plaintiff, affirming the decision to cease her supplemental benefits. Id. at 374-79. Thereafter, the plaintiff requested that the Social Security Administration Appeals Council review the ALJ's opinion. Id. at 380. The appeals council denied this request, prompting the plaintiff to file her complaint with this Court. Id. at 383-84.

Pursuant to 42 U.S.C. § 405(g), this Court remanded the case to the Commissioner of the Social Security Administration because the cassette tape of the original administrative hearing had been lost. Id. at 386-87. On August 21, 2002, a supplemental hearing was held before a different ALJ, who again affirmed the cessation decision. Id. at 6-21. The plaintiff's and defendant's current motions followed.[3]

In support of her motion for judgment of reversal, the plaintiff argues that the ALJ "failed to properly develop the administrative record." Pl.'s Mem. at 6. Specifically, the plaintiff argues that the ALJ failed to develop the record in two respects: (1) by "refus[ing] to allow the record to be left open for more than 30 days so that the Plaintiff's school records could be obtained," id. at 9, and (2) by failing to "obtain[] a consultative examination" to "determine the Plaintiff's level of functioning," id. at 10-11. "As a result" of these purported failings, the

---

[3] The parties' motions have languished on the Court's docket due to an error in the electronic recordkeeping system used by the Court, which did not advise the undersigned member of the Court of the pendency of the motion. The Court regrets any inconvenience caused to the parties by its delay in addressing their motions.

3

plaintiff claims that "the final administrative decision of the Commissioner fails to be supported by substantial evidence and must be reversed." Id. at 11.

On the other hand, the defendant requests that the Court affirm the ALJ's decision and deny the plaintiff's motion for judgment of reversal, Def.'s Mem. at 3, arguing that the ALJ's decision "is supported by substantial evidence," id. at 12. Regarding the plaintiff's claim that the ALJ failed to leave the record open for more than 30 days, the defendant argues that the ALJ "agreed to, and did, leave the record open for 30 days following the . . . administrative hearing," during which the "[p]laintiff did not submit any additional evidence," id. at 13, and "while the plaintiff requested more time to submit evidence," the defendant contends that the "request did not contain any specific reason for the . . . extension," id. Regarding the plaintiff's claim that the ALJ failed to order a consultative examination, the defendant counters that the "plaintiff has failed to demonstrate that there was any need for the ALJ to order [an examination]," id. at 15, given the extensive testimony by the plaintiff's grandmother, id. at 14.

## II.  Standard of Review

As noted above, both parties seek relief pursuant to 42 U.S.C. § 405(g). Under this statute, a court reviewing a Social Security Administration's benefit determination is "confined to determining whether the [ALJ's] decision . . . [was] supported by substantial evidence in the record." Brown v. Bowen, 794 F.2d 703, 705 (D.C. Cir. 1986). If the district court determines that "[t]he findings of the Commissioner of Social Security as to any fact" are "supported by substantial evidence," they "shall be conclusive." Id. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

"[W]here a claim has been denied by the Commissioner of Social Security[,] . . . the court shall review only the question of conformity with such regulations and the validity of such regulations." 42 U.S.C. § 405(g). Thus, the reviewing judge must uphold the ALJ's legal "determination if it . . . is not tainted by an error of law." Smith v. Bowen, 826 F.2d 1120, 1121 (D.C. Cir. 1987). Moreover, "[j]udicial review . . . is limited to determining whether . . . the Secretary applied the correct legal standards." Scott v. Shalala, 879 F. Supp. 109, 110 (D.D.C. 1995).

### III. Legal Analysis

Based upon the positions taken by the parties in their memoranda of law, the only issue before the Court is whether the ALJ "failed to adequately develop the administrative record," Pl.'s Mem. at 7, by (1) failing to extend the period for which the record was open by thirty additional days and (2) failing to order a consultative examination of the plaintiff, id. at 7-9. Both of these issues are easily resolved in the defendant's favor.

In determining whether or not a minor's supplemental benefits may be extended, an ALJ must follow a sequential process of analysis, determining if there has been any "medical improvement" in the minor's condition and, if so, whether the "current impairment(s) are disabling under the rules in [20 C.F.R.] § 416.924." 20 C.F.R. § 416.994a(a)(1) (2006). The ALJ may find that a minor's "disability has ended only if [he] also find[s] that [the child is] not currently disabled." Id. In making this determination, the ALJ must follow specific steps to assure that decisions to cease "disability benefits are made objectively, neutrally, and are fully documented." Id. § 416.994a(b). These steps may only be bypassed "if it is clear this would lead to a more prompt finding that [the claimant's] disability continues." Id.

5

The factors the ALJ must consider are as follows. First, the ALJ must decide if there have been any medical improvements in the claimant's condition. Id. § 416.994a(b)(1). Second, the ALJ must determine if the claimant's impairment at the time of the hearing matches "the severity of the listed impairment that it met or equaled before." Id. § 416.994(a)(b)(2). Finally, if there has been medical improvement and the impairment does not equal "the severity of that listed impairment," the ALJ will decide if the claimant is "currently disabled." Id. § 416.994a(b)(3). The disability determination turns on whether the claimant's current impairment qualifies the claimant for disability benefits under 20 C.F.R. §§ 416.924(c) and (d), which require that the impairment be "severe" and that it "meet, medically equal, or functionally equal" a listed impairment. 20 C.F.R. § 416.924(c)-(d) (2006).

The ALJ clearly followed the "sequential evaluation" process set forth in § 416.994a to determine if the plaintiff was still disabled and whether or not her supplemental benefits should continue. A.R. at 16. First, the ALJ considered the current status of the plaintiff's impairments; specifically the plaintiff's "congenital left heart syndrome" and her newly alleged "cognitive difficulties related to her cardia impairment." Id. at 17. Second, the ALJ noted that the plaintiff's heart condition had clearly improved from its previous severity. Id. at 17.

The ALJ then proceeded to the third step in the analysis, determining whether either condition was "severe" within the meaning of the regulations. Id. The ALJ heard testimony from the plaintiff and the plaintiff's grandmother, and read letters and reports from the plaintiff's physicians regarding her cardiac condition. Id. at 13-15, 27-48. Based on the medical evaluation of the claimant's own cardiologist that the claimant was "asymptomatic" and "stable from a cardia standpoint," id. at 14, the ALJ found that the plaintiff's cardiac impairment, while "severe," id. at 17, did not "interfere . . . with [her] functioning" to such a degree as to constitute

a "marked limitation," id. at 19.  Similarly, the ALJ found that the plaintiff's conduct disorder "impos[ed] more than a minimal limitation on her ability to acquire and use information" and was therefore a "'severe' impairment within the meaning of [20 C.F.R. § 416.924]." Id. Nonetheless, the ALJ found that the plaintiff's "limitation in the domain of interacting and relating to others" was "less than 'marked[,]' as her poor conduct [was] episodic and [did] not cause a significant or ongoing pattern of unacceptable conduct." Id.   Thus, the ALJ concluded that because "neither of the claimant's impairments, singly or in combination, medically equal[ed,] or functionally equal[ed] the severity of any listed impairment," the plaintiff was "no longer disabled within the meaning of the Social Security Act."  Id. at 20.

Regarding the plaintiff's challenge to the ALJ's failure to extend the period during which the administrative record remained open, the Court agrees with the defendant that this argument lacks merit given the plaintiff's failure to submit additional evidence during the original thirty-day period when the record was open and also her failure to submit an excuse for not doing so. The request for an extension was, according to the ALJ, "nothing aside from a vague request for a further time to submit evidence[,] and nothing [else] was received."  A.R. at 13.  The ALJ therefore properly proceeded to complete the supplementary hearing by November 12, 2002, as directed by this Court when the case was remanded.  Id.

It is the plaintiff's responsibility to "provide medical evidence showing that [she has] an impairment and how severe it is during the time that [she is] disabled." 20 C.F.R. § 416.912(c). "[A]nd although the ALJ has a duty to fully explore the facts, the ALJ does not act as counsel for the claimant."  Musgrave v. Sullivan, 966 F.2d 1371, 1377 (10th Cir. 1992) (holding that where the plaintiff had ample opportunity to further develop the record and failed to do so, the ALJ fulfilled his own duty by ruling on the available evidence).  The plaintiff's argument that the ALJ

erred by failing to further extend the time for supplementation of the record must therefore be rejected.

The plaintiff's second argument—that the ALJ "should have obtained a consultative examination," Pl.'s Mem. at 8—is also without merit. The ALJ was not required to order a consultative examination of the plaintiff because there was sufficient evidence in the record for the ALJ to make his determination. A consultative examination is generally required "to resolve a conflict or ambiguity if one exists." 20 C.F.R. § 416.919a. Accordingly, it "may be purchased when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on [a] claim." Id.

The Court agrees with the defendant that the "record fails to support the asserted contention that [a consultative examination] was needed." Def.'s Mem. at 14. The record contains testimony and reports from doctors, teachers, psychologists, a social worker, the plaintiff's tutor, the plaintiff's grandmother, and the plaintiff herself regarding the plaintiff's social and physical abilities. This record was clearly sufficient to establish "the current severity of [the plaintiff's] impairment." 20 C.F.R. § 416.919a(a)(2)(b)(5). Without any showing that the available evidence was insufficient, the plaintiff's argument that the ALJ erred in failing to supplement the record with a consultative examination must be rejected.

### IV. Conclusion

The ALJ's affirmation of the cessation of the plaintiff's benefits was proper. The ALJ clearly followed the four-step process laid out in the applicable regulations, and did not err in closing the record thirty days after the hearing or in refusing to order a consultative examination. For these reasons, the plaintiff's motion for reversal must be denied and the defendant's motion for affirmance must be granted.

**SO ORDERED** this 12th day of May, 2009.[4]

REGGIE B. WALTON
United States District Judge

---

[4] An order will be issued contemporaneously with this memorandum opinion (1) denying the plaintiff's motion for reversal, (2) granting the defendant's motion for affirmance, and (3) closing this case.